UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CABLEVISION SYSTEMS NEW YORK  :
CITY CORPORATION,             :
                              :
              Plaintiff,      :     **SUMMARY ORDER**
                              :
         -against-            :     00-CV-3536 (DLI) (RLM)
                              :
PAOLO VITALE, *pro se*,       :
                              :
              Defendant.      :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

  *Pro se* defendant Paolo Vitale ("Defendant") purports to submit a motion to dismiss the instant action, which has been closed now for six years. Defendant's application comes several years too late and, furthermore, provides no basis for the relief he requests. His motion is denied.

  A review of the docket sheet reveals the following time line of events, with respect to Defendant:[1]

- 6/15/00: Complaint filed, and summons issued for Defendant;
- 7/17/00: Return of Service executed as to Defendant on 7/8/00;
- 7/26/00: Affidavit of Conspicuous Service executed as to Defendant 7/24/00;
- 10/13/00: Status conference held before then-United States District Judge Raggi, to whom the case was assigned. Defendant apparently failed to appear;
- 11/21/00: Certificate of Clerk noting default against Defendant (*see* document #29);
- 4/30/01: Plaintiff Cablevision Systems New York City Corporation ("Plaintiff") requested default judgment against Defendant;
- 4/30/01: Default judgment stating that "plaintiff shall recover from defendant Paolo Vitale the damages sustained by it on account of the claims for relief demanded in the complaint, together with interest and costs of this action, together with reaponsable [*sic*] attorneys' fees; It is ordered that plaintiff is entitled to a permanent injunction against defendant Paolo Vitale's unauthorized interception of plaintiff's programming and services without plaintiff's authorization." The matter was referred to Judge Mann to report and recommend the amount of damages to be awarded to the plaintiff plus reasonable attorneys' fees;
- 9/6/02: Report and recommendations of Judge Mann, issued 9/5/02, recommending that Plaintiff be awarded $7,500 in statutory damages, plus $875.00 in attorneys' fees and costs, for a total of $8,375, and noting that any objections must be filed with Judge Raggi by

---

  [1]Although Plaintiff asserts that Defendant was, at some point, represented by counsel, it is unclear to the court whether Defendant ever had any legal representation.

9/19/02;
- 10/3/02: Memorandum of law by Plaintiff in support of its application for an award of damages against Defendant;[2]
- 10/16/02: Judge Raggi's order entered adopting Judge Mann's report and recommendation, as no objections were filed;
- 10/21/02: Judgment entered by the Clerk of the Court in favor of Plaintiff, awarding $7500.00 in statutory damages, plus $875.00 in attorneys' fees and costs, for a total award of $8375.00.

In the instant "motion to dismiss," Defendant states that dismissal is appropriate because "It was purchased in a catalog so assumed it was legal." In a letter reply to Plaintiff's memorandum of law in opposition to Defendant's motion to dismiss, Plaintiff added that he was "asking for a fair chance to plea [sic] my case. I ask of you to please give me a date to come see a Judge. I feel that I didn't do no wrong[;] my only fault is that I don't speak English nor do I understand."

Defendant's motion is, in reality, a motion to vacate the default judgment. Default judgments are generally disfavored due to the principle that cases should be decided on their merits. See *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977). At the same time, in the interest of the finality of judgments, a reversal of a default judgment is only appropriate in limited circumstances. *See id.* Federal Rules of Civil Procedure 55(c) and 60(b) permit a court to set aside a default judgment for various reasons, including, for example, good cause, mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment."

Defendant's statements in his submissions wholly fail to meet the aforementioned standard for vacatur of a default judgment. As a preliminary matter, the court notes that Defendant does not claim that he was not served with the complaint or the subsequent papers in this action that would have notified him about the default proceedings. Moreover, Defendant's subjective belief that his actions were legal does not affect whether he engaged in improper or illegal activity. In any event, Defendant offers no evidence to support his alleged belief. Nor does the fact that Defendant may not speak English well or at all alter the analysis. Defendant had no problem submitting the instant motion, despite his purported English-language deficiency, whether he filed it on his own or with the assistance of another. Whatever method Defendant used to file the instant motion he could have used to appear at a far earlier date in this action. Instead, five years after Judge Raggi adopted Judge Mann's report and recommendation, adjudicating a money damages award in favor of Plaintiff, Defendant finally decides to appear–without adequate explanation and without any evidence of the assertions set forth in his motion.

---

[2] It is unclear why this memorandum of law was filed on 10/3/02, after Judge Mann's report and recommendation was issued on 9/6/02.

Therefore, Defendant's untimely appearance and inadequate submissions provide no reason for this court to vacate the default judgment against him, and Defendant's purported "motion to dismiss" is denied.

SO ORDERED.

DATED:  Brooklyn, New York
December 13, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge